# EXHIBIT 1



# IN THE 43RD JUDICIAL CIRCUIT COURT, DEKALB COUNTY, MISSOURI

| Judge or Division:<br>THOMAS NICHOLS CHAPMAN | Case Number: 17DK-CC00007 |
|---|---|
| Plaintiff/Petitioner:<br>JOSHUA COROZZO<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 |
| Defendant/Respondent:<br>FIRST ADVANTAGE BACKGROUND SERVICES CORP. | Court Address:<br>109 W MAIN<br>P O BOX 248<br>MAYSVILLE, MO 64469 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: FIRST ADVANTAGE BACKGROUND SERVICES CORP.
Alias:
C/O CSC-LAWYERS INCORP SERVICE
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

January 10, 2017                    _/s/ Clerk_
Date                                 Clerk

**DEKALB COUNTY**     Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to CSC-LAWYERS INC. SERVICE CO.
LAUREN SHIPLEY (name) designee (title).
☐ other _____

Served at 221 Bolivar St., Jefferson City, MO 65101 (address)
in Cole (County/City of St. Louis), MO, on 01/11/17 (date) at 2:39 PM (time).

DAVID M. ROBERTS
Printed Name of Sheriff or Server        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on 1-11-17 (date).
(Seal)
My commission expires: 12-4-20
Date                                 Notary Public

**Sheriff's Fees**
Summons          $
Non Est          $
Sheriff's Deputy Salary
Supplemental Surcharge  $ 10.00
Mileage          $ _____ ( _____ miles @ $ _____ per mile)
Total            $

PATRICIA J. ROBERTS
Notary Public-Notary Seal
STATE OF MISSOURI-County of Cole
Commission #12481691
My Commission Expires Dec. 4, 2020

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* Document Id # 17-SMCC-9     1 of 1     Civil Procedure Form No. 1, Rules 54.01 - 54.05, 54.13, and 54.20; 506.120 - 506.140, and 506.150 RSMo

Case 5:17-cv-06014-SRB   Document 1-1   Filed 02/10/17   Page 2 of 18

Electronically Filed - DeKalb - January 23, 2017 - 10:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**          **County of Dekalb**          **Circuit Court**

Case Number: 17DK-CC00007

Plaintiff/Petitioner:
**JOSHUA COROZZA**
vs.
Defendant/Respondent:
**FIRST ADVANTAGE BACKGROUND SERVICES CORP.**

Received by HPS Process Service & Investigations to be served on First Advantage Background Services Corp., c/o CSC-Lawyers Incorp Service, 221 Bolivar Street, Jefferson City, MO 65101. I, DAVID M. ROBERTS , being duly sworn, depose and say that on the 11 day of JAN. , 2017 at 2:39 pm., executed service by delivering a true copy of the Summons in Civil Case; Petition; and Exhibit 1 in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving LAUREN SHIPLEY
as designee for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 11th day of Jan. , ( ) by the affiant who is personally known to me.

NOTARY PUBLIC

PATRICIA J. ROBERTS
Notary Public-Notary Seal
STATE OF MISSOURI-County of Cole
Commission #12481691
My Commission Expires Dec. 4, 2020

PROCESS SERVER # PPS17-0154
Appointed in accordance with State Statutes

HPS Process Service & Investigations
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: 2017000403

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1i

IN THE CIRCUIT COURT OF DEKALB COUNTY MISSOURI

| | |
|---|---|
| JOSHUA COROZZO, <br> Individually And On Behalf Of <br> All Others, <br><br> Plaintiffs, <br><br> vs. <br><br> FIRST ADVANTAGE BACKGROUND <br> SERVICES CORP. <br> Registered Agent <br> CSC-Lawyers INCORPORATING SERVICE <br> COMPANY <br> 221 Boliver Street <br> Jefferson City MO 65101 <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PETITION

**COMES NOW** the Plaintiff, Joshua Corozzo, individually, by and through counsel and on behalf of the Putative Classes set forth below, and in the public interest, brings the following class action Petition against Defendant, First Advantage Background Corp. ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Defendant is a consumer reporting agency (as a "consumer reporting agency" is defined pursuant to the FCRA).

2. Defendant provided a consumer report concerning the Plaintiff to GE Capital Retail Finance.

3. Plaintiff requested a copy of his consumer file from the Defendant pursuant to 15 U.S.C. §1681g(a).

4. Defendant responded via a letter dated May 25, 2016. (See Exhibit 1)

5. Attached to the letter was a Background Report, a Summary of Rights Under the

Fair Credit Reporting Act in English and Spanish, and a document titled Remedying the Effects of Identify Theft.

6. Defendant did not provide all sources of information in their response to Plaintiff's request.

7. Defendant did not provide all information in the Plaintiff's consumer file in response to Plaintiff's request.

8. Plaintiff brings this action against Defendant for violations of the FCRA.

9. Plaintiff seeks, individually and on behalf of the putative classes, statutory damages, punitive damages, costs and attorneys' fees, and other appropriate relief pursuant to the FCRA.

## PARTIES

10. Plaintiff Corozzo is a resident of Kansas City, Missouri. Plaintiff is a member of the Putative Classes defined below.

11. Defendant is a foreign company doing business in Missouri.

## JURISDICTION AND VENUE

12. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. §1681p and Article V, Section 14(a) of the Constitution of Missouri.

13. Venue is proper in this Court pursuant to R.S.Mo. 508.010(4).

## FACTUAL ALLEGATIONS

14. Plaintiff requested a copy of his consumer file pursuant to 15 USC §1681g(a).

15. Defendant responded to Plaintiff's file request via a letter dated May 25, 2016, along with a copy of the Background Report previously provided to GE Capital Retail Finance, a Summary of Rights Under the Fair Credit Reporting Act in

English and Spanish, and a document titled Remedying the Effects of Identify Theft.

16. The Background Report proved to GE Capital Retail Finance was a consumer report.

17. The Background Report contained information about Plaintiff's former employers.

18. The Background Report contained information about Plaintiff's former employers that was obtained from third party sources.

19. Defendant obtained information concerning the Plaintiff's previous employment from third party sources.

20. Defendant obtained information concerning the Plaintiff's previous employment with Teleproformance USA from a third party source.

21. Defendant obtained information concerning the Plaintiff's previous employment with Staffmark USA from a third party source.

22. Defendant obtained information concerning the Plaintiff's previous employment with Prostaff from a third party source.

23. Defendant's response to Plaintiff's request for a copy of his consumer file does not provide the third party source from which it obtained information concerning Plaintiff's previous employment with Teleproformance USA.

24. The consumer report provided by the Defendant indicates that it was referred to an online service for verification details regarding Teleproformance USA.

25. Defendant's response to Plaintiff's request for a copy of his consumer file does not provide the online service information it was referred to or used to complete

its report for the Teleproformance USA information.

26. Defendant's response to Plaintiff's request for a copy of his consumer file does not provide the third party source from which it obtained information concerning Plaintiff's previous employment with Staffmark.

27. Defendant indicates that it was referred to an online service for verification details regarding Staffmark.

28. Defendant's response to Plaintiff's request for a copy of his consumer file does not provide the online service information it was referred to or used to complete its report for the Staffmark information.

29. Defendant's response to Plaintiff's request for a copy of his consumer file does not provide the third party source it obtained information from concerning Plaintiff's previous employment with Prostaff.

30. Defendant's report indicates that it left a message with "source" for information regarding Prostaff.

31. Defendant's response to Plaintiff's request for a copy of his consumer file does not indicate the phone number it used to leave a message or who the "source" is they left the message with regarding Prostaff.

32. Defendant's response to Plaintiff's request for a copy of his consumer file does not provide the "source" information it used to complete its report concerning Prostaff.

33. The procedures used by the Defendant to produce a consumer file on the Plaintiff are the same procedures it uses to produce §1681g(a) disclosures on other individuals.

34. The manner in which Defendant prepared a consumer file for the Plaintiff is the same or similar method used to prepare file disclosures for other putative class members.

35. The manner in which the Defendant prepares consumer files results in an incomplete disclosure and violates the rights of the Plaintiff and other class members

36. Defendant is aware of the FCRA.

37. Defendant has knowledge that it must comply with the FCRA.

38. Defendant is required to prepare all consumer files in accordance with the FCRA.

39. Defendant is required to maintain a consumer file on individuals it produces consumer reports on.

40. The consumer file prepared and produced by the Defendant did not accurately disclose all information and sources of information as required by §1681g(a).

41. Defendant's failure to provide the Plaintiff and other putative class members with the source of information in the report precludes Plaintiff and others from acting to correct any errors.

42. Defendant's failure to provide the Plaintiff and other putative class members with the source of information in the report precludes Plaintiff and others from obtaining information that would assist them in evaluating their report.

43. Defendant's failure to provide the Plaintiff and other putative class members with all information precludes Plaintiff and others from receiving information they are statutorily entitled to receive.

44. Defendant's failure to provide the Plaintiff and other putative class members with

all information precludes Plaintiff and others from having a full opportunity to address any errors they may have in their report.

45. Defendant's failure to provide the Plaintiff and other putative class members with all information precludes Plaintiff and others addressing any discrepancies in their report.

46. Without accurate information the Plaintiff and others are left confused as to where to go to correct or verify data contained in their report and unable to know whether or not any such data would find its way into future reports.

47. Defendant's failure to fully comply with §1681g(a) creates a material risk that the Defendant could continue to report the same information to others in the future.

48. Defendant's failure to fully comply with §1681g(a) creates a material risk that the Defendant could continue to provide incomplete file disclosures to others in the future.

49. Defendant's violation of the FCRA has caused the Plaintiff and other putative class members an informational injury.

50. Defendant's file disclosure did not provide the Plaintiff and other putative class members with the information required by the FCRA.

51. Defendant's multiple violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

## CLASS ACTION ALLEGATIONS

52. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.
53. Plaintiff asserts the following classes defined as:

**Proposed Class:** All individuals who received a copy of their consumer file pursuant to §1681g(a) that did not contain all information in their file and/or the sources of the information regarding employment records beginning January 10, 2012, through the conclusion of this matter.

**Proposed Class:** All individuals who received a consumer file pursuant to §1681g(a) that identified a third party source without providing the name of the third party source beginning January 10, 2012, through the conclusion of this matter.

### Numerosity

54. The proposed classes are so numerous that joinder of all class members is impracticable. Defendant regularly produces consumer files pursuant to §1681g(a). These file disclosures fail to clearly and accurately disclose all information in the consumer's file at the time of the request and/or the sources of information in violation of the FCRA. Plaintiff believes that during the relevant time period, hundreds if not thousands of individuals would fall within the definition of the Putative Classes.

### Common Questions of Law and Fact

55. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and fact common to the class is:

    a. Whether Defendant complies with §1681g(a) and provides all information in their file disclosures;

    b. Whether Defendant complies with §1681g(a) and provides all sources of information in their file disclosures;

    c. Whether Defendant's violations of the FCRA were willful;

    d. The proper measure of statutory damages and punitive damages; and

### Typicality

Electronically Filed - DeKalb - January 10, 2017 - 09:39 AM

56. Plaintiff's claims are typical of the members of the proposed classes. Defendant is a consumer reporting agency. Defendant produces §1681g(a) disclosures in violation of the mandates of the FCRA. The FCRA violations suffered by the Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

57. Plaintiff, as a representative of the class, will fairly and adequately protect the interests of the Putative Class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the classes. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

### Superiority

58. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

59. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

60. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative classes predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

61. Plaintiff intends to send notice to all members of the putative classes to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## FCRA VIOLATIONS

Electronically Filed - DeKalb - January 10, 2017 - 09:39 AM

62. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

63. Defendant produced an incomplete §1681g(a) disclosure to the Plaintiff.

64. The file disclosure produced by the Defendant did not include all information in the Plaintiff's consumer file.

65. The file disclosure produced by the Defendant did not include all sources of information.

66. The file disclosure produced by the Defendant was not clear or accurate.

67. Defendant violated the FCRA by failing to provide the Plaintiff with all information in his consumer file and the sources of the information.

68. Defendant's violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other putative class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

    a. Defendant is a large corporation with access to legal advice through its own General Counsel's office and outside employment counsel;

    b. Defendant produced a file disclosure on the Plaintiff that excluded information in his file.

    c. Defendant produced a file disclosure that did not disclose all sources of information;

    d. Defendant failed to abide by the FCRA.

69. Plaintiff and the putative classes are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

70. Plaintiff and the putative class members are also entitled to punitive damages for

these violations, pursuant to 15 U.S.C. §1681n(a)(2).

71. Plaintiff and the putative action class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a. Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

c. Order directing proper notice to be mailed to the Putative Class members at Defendant's expense;

d. Order finding that Defendant committed multiple, separate violations of the FCRA;

e. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f. Order awarding statutory damages and punitive damages as provided the FCRA;

g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed classes have a right to jury

trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEYS FOR PLAINTIFF

# Exhibit 1



May 25, 2016

Joshua Corozzo

We received your request to obtain your Full File Disclosure. We have reviewed our records and found results matching the identification information you provided. A copy of the reported information has been enclosed for your records.

If you believe any of the information on your report is incorrect or incomplete and you wish to file a dispute, please contact us by phone, fax, e-mail, or mail.

**First Advantage Consumer Center**
P.O. Box 105292
Atlanta, GA 30348-5292
Toll free phone: 1-800-845-6004
Fax: 727-214-2127
e-mail: consumer.documents@fadv.com

First Advantage provides consumer reports to its customers (employers, volunteer organizations and residence communities) that have obtained the applicant's consent. Your Full File Disclosure will contain any records First Advantage has in its own databases and all reports on you provided to its customers.

To learn more about First Advantage background reports and other First Advantage consumer services, please visit our consumer web site *http://www.fadv.com/products/solutions/consumer-solutions*.

Thank you for giving us the opportunity to assist you.

First Advantage Consumer Center

NOTE: Phone calls to our Consumer Center may be monitored for quality assurance.

IN THE CIRCUIT COURT OF DEKALB COUNTY MISSOURI

| | |
|---|---|
| **JOSHUA COROZZO,** ) | |
| Individually And On Behalf Of ) | |
| All Others, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: |
| vs. ) | |
| ) | |
| **FIRST ADVANTAGE BACKGROUND** ) | |
| **SERVICES CORP.** ) | |
| Defendant. ) | |

## ENTRY OF APPEARANCE

**COMES NOW** Jayson Watkins and hereby enters his appearance as counsel of record for Plaintiff and those similarly situated in the above captioned matter.

Respectfully submitted,

By: /s/ Jayson A. Watkins
Jayson A. Watkins MO #61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF